UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYANT DEANDRE HARRIS,

    Plaintiff,

                                  CASE NO. 1:15-CV-1041

v.

                                  HON. ROBERT J. JONKER

JAMES F. BRADLEY, et al.,

    Defendants.

_____ /

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 87) as well as Plaintiff's Objection (ECF No. 88). Under the Federal Rules of Civil Procedure where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). In his objections, Plaintiff does not object to the Magistrate Judge's recommendation that his claims against the Unknown defendants be dismissed, but he does object to the Magistrate Judge's recommendation that the claims against Defendants Bradley, Cline, and Fisher (the only other remaining claims) be dismissed. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation is factually sound and legally correct.

1. *Eighth Amendment Claim*

The Court begins with Plaintiff's second objection, which is to the Magistrate's recommendation that Defendant Bradley is entitled to summary judgment on Plaintiff's Eighth Amendment claim. The core of this claim is that Defendant Bradley failed to protect Plaintiff from an assault on Plaintiff by a fellow inmate. The Magistrate Judge concluded that Defendant Bradley was entitled to summary judgment on the claim because Plaintiff "failed to establish that he faced a sufficiently serious risk to his health or safety and that defendant Bradley acted with deliberate indifference to that risk." (ECF No. 87, PageID.646).[1] The Court agrees.

In its prohibition of "cruel and unusual punishments," the Eighth Amendment requires prison official to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a

---

[1] The Magistrate Judge assumed in the analysis that Plaintiff sent a kite to Defendant Bradley before the assault. Defendant Bradley disputes this, but on summary judgment the Magistrate Judge properly resolved this factual dispute in favor of Plaintiff.

prisoner, a plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Bishop v. Hackel*, 636 F.3d 757, 766-67 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996); *Taylor v. Mich. Dep't of Corr.* 69 F.3d 76, 79 (6th Cir. 1995). Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Bishop*, 636 F.3d at 766.

Plaintiff primarily complains that summary judgment is not warranted because he was not provided a sufficient opportunity for discovery. However, he does not explain how he was deprived of a full opportunity for discovery in this case. Plaintiff, through counsel, filed a motion to produce discovery on January 16, 2018 (ECF No. 53). The Magistrate Judge adjudicated the motion and issued an Order setting out the parameters of discovery on June 19, 2018. (ECF No. 75). Plaintiff suggests that Defendants may have breached their discovery obligations under the order, but Plaintiff did not file a motion seeking to compel production. Nor did he object to the Magistrate's order relating to discovery. On this record, Plaintiff has no basis to argue that he lacked an adequate opportunity for discovery.

Plaintiff also contends that there is a genuine issue of fact as to whether the Defendant Bradley breached his duty to keep Plaintiff safe from harm. However, as the Magistrate Judge correctly found, Plaintiff's notice to the corrections officer about prisoner Cowans were too nebulous to meet the deliberate indifference standard. The kite attached to Plaintiff's complaint,

3

for example, says only that prisoner Cowans told Plaintiff he would "Get me off the yard" (ECF No. 1-1, PageID.46). The Magistrate Judge details similar comments made during Plaintiff's deposition where Plaintiff repeated his complaint that prisoner Cowans told him to get off the yard, and that Plaintiff reported previously having a cordial relationship (ECF No. 87, PageID.645). These vague comments demonstrate there was no objective threat the officer took as real and then disregarded. In other words, they were not sufficient to make it clear to Defendant Bradley a substantial risk of serious harm existed as to Plaintiff. A corrections officer cannot be expected to take a prisoner into protective custody every time a prisoner exchanges sharp words with another prisoner on the basketball court.

### B.     *Exhaustion of Administrative Remedies*

The Magistrate Judge found that the remaining claim against Defendants Cline and Fisher was subject to dismissal because plaintiff failed to properly exhaust his claims against those Defendants. More specifically, the claim was not exhausted against Defendants Cline and Fisher because Plaintiff did not include either Defendant in the only grievance he filed relating to the underlying incident with prisoner Cowans. Plaintiff objects that Defendants waived the defense of failure to exhaust by failing to include it in an earlier dispositive motion.[2]

Plaintiff's waiver argument is unavailing. Exhaustion is an affirmative defense that can be raised by motion at any time permitted by the Court. It is not the type of motion that can be waived under Rule 12(b) or 12(h). Moreover, this Court's Standard Case Management Order in a Prisoner Civil Rights Case does not require the defendants to file an answer, and so potential waiver under

---

[2] Plaintiff is not contending that Defendants waived the defense by addressing the grievance on the merits, nor could he. *See Kean v. Hughes*, No. 1:12-cv-847, 2013 WL 5771146, at *2 (W.D. Mich. Oct. 24, 2013) (distinguishing *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010), where, as in this case, the plaintiff's grievance named one individual, but not the individuals he later complained about).

4

Rule 8(c) is not in play. *See Kohn v. Neri*, No. 2:12-cv-128 (W.D. Mich. Aug. 13, 2012). Furthermore, even if a technical waiver had been triggered, the Court would exercise its discretion to permit an amended pleading preserving the defense. FED. R. CIV. P. 8(e); 15(a)(2).

Plaintiff also asserts that he identified as best he could the individuals involved in his grievance. This does not relieve him of his statutory exhaustion obligation. But even if it did, Plaintiff's Eighth Amendment claim would still fail against Defendants Cline and Fisher for the same reason it did against Defendant Bradley: Plaintiff fails to demonstrate Defendants Cline and Fisher acted with "deliberate indifference" to a substantial risk of serious harm facing the plaintiff. Indeed, he does not claim that he ever told these defendants about his interaction with prisoner Cowens. Rather, he merely asserts the "officer in F2 failed to abide by policy" by shutting down the unit during the time the assault occurred, did not make "routine rounds" and further "just let prisoners room freely." (ECF No. 81-2, PageID.527). All this, at most, amounts to negligence, not deliberate indifference.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 87) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Unknown Party Nos. 1, 5, 6 and 7 are **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 80) is **GRANTED.**

The Court discerns no good-faith basis for appeal of this matter. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

This case is **DISMISSED.**

Dated: __November 7, 2019__          /s/ Robert J. Jonker
                                                          ROBERT J. JONKER
                                                          CHIEF UNITED STATES DISTRICT JUDGE